Case 2:21-cr-00771 Document 82 Filed on 01/30/24 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>Plaintiff/Respondent, §<br>§<br>v. §<br>§<br>FABIAN GARCIA RAMOS, §<br>Defendant/Movant. §<br>§ | CRIMINAL NO. 2:21-771-1<br>CIVIL NO. 2:23-45 |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Fabian Garcia Ramos has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 47.[1] Pending before the Court is the United States of America's (the "Government") Motion for Summary Judgment (D.E. 76), to which Movant responded (D.E. 80) and filed a notice of supplemental authority (D.E. 81). For the reasons stated herein, the Government's Motion for Summary Judgment is **GRANTED**, and Movant's Section 2255 Motion is **DENIED**.

**I. BACKGROUND**

On April 30, 2021, at approximately 11:44 A.M., officers with the Portland, Texas Police Department responded to a call from concerned citizens that a person was firing a weapon from a vehicle. The caller advised that the vehicle had left the scene and was traveling near an elementary school. When officers attempted to pull over the suspected vehicle, the driver, later identified as Movant, continued for an additional 1.5 miles before finally pulling over. Officers discovered three firearms in the vehicle—a loaded Hi-Point .380 caliber

---

1. Docket entries refer to the criminal case.

handgun Model CF380, a .22 Winchester rifle Model 190, and a Remington Model 510 Target Master .22 caliber rifle—as well as a sock containing 1.35 grams of crack cocaine and a wad of cash. The Remington rifle was modified with a pistol grip, its barrel measured 13.5 inches, and the entire rifle measured 22.5 inches, less than the required lengths as defined in 26 U.S.C. § 5845. Multiple bullet holes were observed in the windshield of Movant's vehicle, and officers located numerous spent casings and unfired bullets scattered in the center console and the floorboard of the vehicle. Movant was arrested and charged in Texas with Deadly Conduct Discharging a Firearm, Possession of Controlled Substance, Unlawful Carrying of a Weapon, and Fleeing from a Police Officer.

Movant was then indicted by a federal grand jury and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was represented by attorney Randall Barrera (hereinafter "Counsel") throughout these proceedings.

On December 2, 2021, Movant pled guilty pursuant to a written Plea Agreement (D.E. 21) and Factual Statement in Support of Guilty Plea (D.E. 22). In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel. D.E. 21 ¶ 7.[2]

---

2. The waiver provision read in part:

> Defendant is [] aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant . . . later

At rearraignment, Movant affirmed under oath that he had a copy of the indictment and that he understood the nature of the charge, the elements of the offense, the penalty range for the offense, his right to plead not guilty and proceed to trial, and the terms of the written plea agreement, including the waiver of his right to appeal or collaterally attack his conviction or sentence contained in his plea agreement. D.E. 57, 12/2/2021 Rearraign. Hrg. Tr., pp. 12–19, 28–30. He further testified that he was pleading guilty voluntarily and was not threatened, forced, or promised leniency in exchange for his guilty plea. *Id.* at 6, 27. Movant affirmed that he had discussed the case with Counsel, including how the Sentencing Guidelines might be calculated and applied in his case, the plea agreement and waiver of post-conviction rights contained therein, and the written stipulation of facts. *Id.* at 26–31. Finally, he verified that the information contained in the stipulation of facts was true and correct. *Id.* at 31. The Court accepted Movant's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. *Id.* at 32.

The Probation Officer prepared a Presentence Investigation Report (PSR, D.E. 30), which assigned Movant a base offense level of 22. His offense level was increased by two levels because he was held accountable for possessing three firearms and by four levels because he possessed a firearm in connection with another felony offense, Texas Deadly Conduct. After a three-level adjustment for acceptance of responsibility, his total offense level would have been 25; however, Movant was previously convicted of Texas Burglary in 1985,

---

collaterally attacks his conviction or sentence[d] [*sic.*], the United States will assert its rights under this agreement and seek specific performance of these waivers.

*Id.*

two separate instances of Texas Burglary in 1986, and Texas Aggravated Robbery in 1990, which triggered the application of the Armed Career Criminal Act (ACCA) and a mandatory minimum 15-year sentence.

Movant initially appeared for sentencing on February 23, 2022, at which time Counsel stated that Movant wished to withdraw his plea because he was "not happy" with the mandatory minimum sentence. D.E. 58, 2/23/2022 Sent. Hrg. Tr., p. 3. The Court observed that Movant was advised about his increased sentencing exposure before he entered his guilty plea, but it nonetheless set a briefing schedule for Counsel to file a written motion to withdraw Movant's guilty plea. *Id.* at 3–5.

Movant then filed a pro se letter motion requesting new counsel, wherein he claimed that: Counsel was unprepared for his bond hearing; he never received a copy of the "affidavit of charges" or indictment; Counsel never fully explained the "magnitude of the sentence" he would face after a guilty plea; and Counsel was not preparing sufficiently for the case. D.E. 36. During a sealed ex parte hearing before Magistrate Judge Julie K. Hampton, Movant stated that he and Counsel had since discussed how to proceed and that he longer wished to withdraw his guilty plea, but instead wanted to move forward with sentencing with Counsel as his attorney. D.E. 71, 3/9/2022 Mot. Hrg. Tr., pp. 4–5. Magistrate Judge Hampton denied the motion to substitute counsel as moot. *Id.* at 5; D.E. 38.

At sentencing, the Court adopted the PSR without change. With a total offense level of 31 and a criminal history category of VI under the ACCA, Movant's advisory guideline sentencing range was 188–235 months. The Court granted Counsel's motion for a downward variance based on the remoteness of Movant's prior criminal convictions and imposed the

mandatory minimum sentence of 180 months' imprisonment, to be followed by three years' supervision. Judgment was entered on April 4, 2022.

Consistent with the waiver in his plea agreement, Movant did not appeal. He filed the present motion under Section 2255 on January 30, 2023. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's Section 2255 motion raises the following claims:

1) The Court erred in applying the ACCA to enhance his sentence;

2) Counsel was ineffective at rearraignment for failing to adequately explain Movant's sentencing exposure, which rendered his guilty plea unknowing and involuntary;

3) Counsel was ineffective after rearraignment for coercing Movant into not moving forward with his motion to withdraw his guilty plea; and

4) Counsel was ineffective at sentencing for failing to object to the ACCA enhancement.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

### A. WAIVER OF POST-CONVICTION RELIEF

Movant waived his right to file a Section 2255 motion by his plea agreement, except to raise a claim of ineffective assistance of counsel. "As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). If the plea and waiver were knowing and voluntary, and the waiver clearly covers Section 2255 motions, the waiver can be enforced. *Wilkes*, 20 F.3d. at 343–44.

The Court questioned Movant about the plea agreement at rearraignment, including the waiver of his right to file a Section 2255 motion. Rearraign. Tr. at 28–30. Movant testified that he read and discussed his plea agreement with Counsel before he authorized Counsel to sign it and that he understood it. *Id.* at 28–29. He further testified that he was aware of the waiver, had discussed the waiver with Counsel, and understood it. *Id.* at 29–30.

Movant nonetheless argues that his plea was unknowing and involuntary, thus rendering the waiver unenforceable, because Counsel failed to explain his potential sentencing exposure. The record belies this claim. After Movant stated at rearraignment that he had not discussed with Counsel how the Guidelines might be applied, Counsel responded that they had "discussed the possible enhanced sentencing that he looks at," but he "did not give Movant a definitive Guideline number." Rearraign. Tr. at 23. The Court took a short recess so that Movant and Counsel could confer, after which Movant confirmed that he and Counsel had discussed the Guidelines. *Id.* at 24. The Court also explicitly admonished Movant that, "because of some prior convictions, you face a sentence of 15 years to life on this case."

*Id.* at 19. The Court asked Movant if he understood that range of punishment, to which he responded, "Yes, ma'am." *Id.*

The burden to demonstrate that his plea and waiver should not be enforced is on Movant. His sworn statements in open court that he understood the nature of the charge against him, the elements of the offense, his potential sentencing exposure, the plea agreement, and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

The evidence before the Court supports the finding that Movant's guilty plea, including the waiver, was knowing and voluntary. The waiver is enforceable and bars Movant's claim that the Court erred in applying the ACCA enhancement. This claim is denied.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

#### 1. Legal Standard

An ineffective assistance of counsel allegation presented in a Section 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that

counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction or sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show that counsel's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## 2. Analysis

### a. Counsel failed to explain Movant's sentencing exposure.

Movant first argues that Counsel was ineffective at rearraignment for failing to adequately explain his sentencing exposure, which rendered Movant's guilty plea unknowing and involuntary. For the reasons stated in Part IV.A *supra*, this claim is denied.

### b. Counsel coerced Movant into not withdrawing his guilty plea.

Movant next claims that Counsel was ineffective after rearraignment for coercing him into not moving forward with his motion to withdraw his guilty plea. The record belies this claim.

During the ex parte hearing on his pro se motion to substitute counsel, Movant apologized for wasting the Court's time and withdrew his request to have Counsel removed from the case. Mot. Hrg. Tr. at 4. Counsel informed the Court that Movant had initially "wanted to withdraw his plea," but then "instructed me to move on forward with sentencing. I specifically asked him twice to instruct me to do that." *Id.*[3] The Court asked Movant if he wanted to move forward with sentencing with his current attorney, to which Movant

---

3. In response to Movant's Section 2255 motion, Counsel executed a sworn Affidavit expanding on their conversation:

> After pleading guilty to the indictment that included a written plea agreement and stipulation of fact, Mr. Ramos wanted to withdraw his guilty plea and asked the Court to remove me from representation. . . . Prior to the scheduling of the hearing, I had a private conversation with Mr. Ramos and re-explained to him how my research showed that he would be held accountable for a sentencing enhancement through the ACCA. I further explained that if the Court allowed him to remove his plea of guilty, his only option would be to proceed to trial where if found guilty, he would lose his acceptance of responsibility reduction of base offense points. He stated that he did not want to lose those points and wanted to proceed to sentencing. I told him a second time and asked him for confirmation that he wanted to proceed to sentencing and he replied affirmatively.

D.E. 76-1, pp 2-3.

responded in the affirmative. *Id.* at 5. Movant did not dispute Counsel's summary of their conversation and gave no indication that Counsel had coerced him into abandoning his motion to withdraw his guilty plea.

Even if Movant had instructed Counsel to file a motion to withdraw his guilty plea—which the Court does not find—"a criminal defendant does not have an absolute right to withdraw a guilty plea." *See United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015). "Rather, a defendant may withdraw a guilty plea after the court has accepted it, but prior to sentencing, only if he 'can show a fair and just reason for requesting the withdrawal.'" *Id.* (quoting FED. R. CRIM. P. 11(d)(2)(B)). The Fifth Circuit has established seven factors—known as the *Carr* factors—that district courts must consider in determining whether to permit a defendant to withdraw a guilty plea:

> (1) whether or not the defendant has asserted his innocence;
>
> (2) whether or not the government would suffer prejudice if the withdrawal motion were granted;
>
> (3) whether or not the defendant has delayed in filing his withdrawal motion;
>
> (4) whether or not the withdrawal would substantially inconvenience the court;
>
> (5) whether or not close assistance of counsel was available;
>
> (6) whether or not the original plea was knowing and voluntary; and
>
> (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

These factors are non-exhaustive, and no single factor or combination of factors is dispositive of whether a defendant should be allowed to withdraw a guilty plea; rather, the court must ultimately examine the totality of the circumstances. *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020); *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014). A defendant who asserts his innocence must also provide a "substantial supporting record" for this assertion. *Strother*, 977 F.3d at 445.

Here, there is no evidence that allowing Movant to withdraw his guilty plea would have prejudiced the Government at trial or substantially inconvenienced the Court; however, the totality of the circumstances nonetheless weighs against withdrawal. Movant never asserted his innocence as to the charge of being a felon in possession of a firearm; instead, he wanted to withdraw his plea because he was not satisfied with the mandatory minimum sentence, despite being informed of the mandatory minimum sentence before entering his guilty plea. Movant received close assistance by Counsel before he decided to plead guilty, as detailed in Counsel's Affidavit and affirmed by Movant at rearraignment. *See* Barrera Aff. at 1 (Counsel informed Movant that he faced an enhancement under the ACCA during their first conversation on September 24, 2021); Rearraign. Tr. at 13 (Movant affirmed that he discussed the charges with Counsel, had enough time to discuss the case with Counsel, and was satisfied with Counsel's services). The Court also provided Movant with the opportunity to discuss the Sentencing Guidelines with Counsel in further detail during rearraignment to

ensure that he understood the consequences of pleading guilty. Finally, as detailed in Part IV.A *supra*, Movant's guilty plea was knowing and voluntary.

The record before the Court is that Movant willfully abandoned his initial attempt to withdraw his guilty plea. Moreover, because Movant could not have shown "a fair and just reason" to withdraw his guilty plea, Counsel was not ineffective for failing to file a meritless motion to withdraw the plea. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 965–66 (5th Cir. 1994). This claim is denied.

### c. Counsel failed to object to the ACCA enhancement.

Finally, Movant claims that Counsel was ineffective at sentencing for failing to object to the ACCA enhancement.

The statutory maximum for felon-in-possession convictions is typically ten years' incarceration. Under the ACCA, however, a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" or (ii) "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. §924(e)(2)(b). "Subsection (i) of this definition is known as the elements clause," and "subsection (ii) is known as the enumerated offenses clause." *United States v. Sosebee*, 59 F.4th 151, 155–56 (5th Cir. 2023) (internal quotations omitted).[4]

---

4. Section 924(e)(2)(B)(ii) also contains a "residual clause" that has been ruled unconstitutional and is no longer operative. *Johnson v. United States*, 559 U.S. 133 (2010).

Movant's sentence was based on his prior convictions for Texas Burglary in 1985, two separate instances of Texas Burglary in 1986, and Texas Aggravated Robbery in 1990.

Texas Burglary is a violent felony. *United States v. Moore*, 2022 WL 4299726, at *1 (5th Cir. Sept. 19, 2022) (*citing United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc)). Texas Burglary satisfies the enumerated offense clause because it is a generic burglary. *Herrold*, 941 F.3d at 182.

Texas Aggravated Robbery can also be a violent felony. "The Texas simple robbery statute creates two distinct crimes, robbery-by injury and robbery-by-threat." *United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022). Robbery-by-threat is a violent felony under the elements clause, and Texas Aggravated Robbery is a violent felony under the elements clause when its simple robbery predicate is a robbery-by-threat. *Id.* at 491; *United States v. Jackson*, 30 F.4th 269, 275 (5th Cir. 2022). The Texas simple robbery statute is "divisible," and courts may consult the state "indictment and the judicial confession" to determine which form of robbery the defendant has been previously convicted of. *Garrett*, 24 F.4th at 491. Here, the indictment for Movant's 1990 Texas Aggravated Robbery conviction demonstrates that his underlying simple robbery predicate was robbery-by-threat, a violent felony. PSR ¶ 36.[5]

---

5. As stated in the PSR:

> The indictment charges that on or about January 13, 1990, Fabian Ramos did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and knowingly threaten Martha Perales with and place Martha Perales in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a screwdriver, which in the manner of its use and intended use was capable of causing death and serious bodily injury.

*Id.*

Citing the ACCA's legislative history, Movant argues that the Act should not apply in his case based on the remoteness of his prior crimes and the fact that there was no evidence he "had a livelihood of committing criminal acts, or that he was a recidivist." D.E. 80, p. 6. This claim is without merit. Unlike the Sentencing Guidelines, the ACCA does not distinguish between a defendant's recent crimes and those committed decades ago. The ACCA also does not require proof that a defendant's livelihood depended on his crimes.

Because Movant was previously convicted of four violent felonies, Counsel was not ineffective for failing to object to the ACCA enhancement at sentencing. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). This claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 76) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 47) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

**ORDERED** 1/30/24.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE